Donna Green Stacy Brunson c/o Ken Ferguson, Director of Human Resources 200 E. 8th Avenue, Suite 104 Pine Bluff, AR 71601
Dear Ms. Green and Ms. Brunson:
You have both requested an Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
The City of Pine Bluff has received a request for all complaints on file made by you, and all EEOC letters received by the city concerning you. The city has determined that these records should be released.
I am directed by law to issue my opinion as to whether the custodian's determination regarding the release of the records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
I cannot opine definitively regarding the custodian's determination, because I have not been provided with copies of the records in question. In order for me to make a definitive determination concerning the releasability of these records, it would be necessary for me to examine the records. Nevertheless, I will outline the applicable law.
If the complaints that you made were not solicited by your employer, they constitute your "personnel records," as well as the "personnel records" of any employee about whom you were complaining. See Ops. Att'y Gen. Nos. 2001-028; 2000-231; 2000-203; 2000-058. The standard for the release of "personnel records" under the FOIA is set forth in A.C.A. §25-19-105(b)(12). That section of the FOIA provides that personnel records are subject to disclosure except to the extent that their release would constitute a "clearly unwarranted invasion of [the] personal privacy" of the employee to whom they refer. Id.
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." The court has found that the employee's interest outweighs the public's interest only in cases where the record reveals the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends.Id. If the complaints that you filed contain information of this nature, they should not be released. Whether these records contain such information is a question of fact.
I have previously opined that EEOC records should not be released, so that possible violation of federal law can be avoided. See42 U.S.C. § 2000e-5 (b) and 5 U.S.C. § 552a et seq. and Op. Att'y Gen. No. 2002-237.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General